

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Long v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1092

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Long v. PA Bd Probation" (2007). *2007 Decisions.* Paper 1224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-1092

————————

WENDELL LONG,

Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-00699)
District Judge: Hon. William W. Caldwell

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2007

BEFORE: SMITH and  COWEN, <u>Circuit Judges</u>
and YOHN*, <u>District Judge</u>

(Filed:  April 25, 2007)

————————

OPINION

————————

————————

*Honorable William H. Yohn Jr., Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

COWEN, <u>Circuit Judge</u>.

Wendell Long appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges the District Court's refusal to grant habeas relief on his claim that he was denied parole in violation of the Ex Post Facto Clause of the United States Constitution. Because Long has not exhausted his ex post facto claim in the Pennsylvania courts, we will affirm the judgment of the District Court.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. We exercise plenary review in a habeas proceeding over the district court's legal conclusions and review its factual findings for clear error. *Parker v. Kelchner*, 429 F.3d 58, 60 (3d Cir. 2005).

Long challenges a May 22, 2003 decision of the Pennsylvania Board of Probation and Parole (the "Board"), denying him parole. He argues that the Board's application of the 1996 version of Pennsylvania's Parole Act (the "Parole Act"), in denying him parole for acts he committed prior to the date of the enactment of that version of the Parole Act, violated the Ex Post Facto Clause of the United States Constitution. Long concedes that he did not exhaust his ex post facto claim in state court before filing his federal habeas petition. In his federal habeas petition, he averred that he filed a petition for mandamus review of the Board's 2003 decision in the Commonwealth Court of Pennsylvania, but did not seek review in the Pennsylvania Supreme Court "as any attempt to do so would have been futile." (App. at 24.) He apparently claims that exhaustion would be futile

2

because in *Finnegan v. Pennsylvania Board of Probation and Parole*, 838 A.2d 684 (Pa. 2003), the Pennsylvania Supreme Court rejected the argument that application of the 1996 version of the Parole Act to a prisoner convicted prior to its enactment violates the Ex Post Facto Clause.

Long's argument is essentially that futility on the merits in state court renders a claim "exhausted" within the meaning of 28 U.S.C. § 2254(b)(1)(A). We rejected a similar contention in *Parker*. 429 F.3d at 64. In *Parker*, we announced that "likely futility on the merits . . . in state court of a petitioner's habeas claim does not render that claim 'exhausted' within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting in a federal habeas petition." *Id*. We reasoned that "[a]llowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of [a] critical opportunity to examine and refine their constitutional jurisprudence." *Id*. (citing *Engle v. Isaac*, 456 U.S. 107, 128 (1982)).

Based upon our decision in *Parker*, we are compelled to conclude that Long's failure to exhaust his ex post facto claim in the Pennsylvania courts is not excused on the ground of likely futility on the merits. Because Long has not exhausted his ex post facto claim, we will affirm the judgment of the District Court entered on December 29, 2004. *See Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (court of appeals may affirm for any reason supported by the record).